UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DWAYNE GRENADE

                         Plaintiff,

           -against-

POLICE OFFICERS NICHOLAS
DEMEO, GEORGE DELGADO, PAUL
DUBROFSKY, RYAN HOFFMAN AND
COSMO LUBRANO,
                       Defendants.
------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

14-CV-3558 (SLT)(RER)

JURY TRIAL DEMANDED

Plaintiff, DWAYNE GRENADE, by and through his attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. The claims arise from a July 14, 2013 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, assault, battery, denial of right to fair trial, excessive use of force, false arrest, false imprisonment, falsification of evidence, malicious prosecution.

3. The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff DWAYNE GRENADE is and was at all times hereinafter mentioned a resident of the State of New York and the County of Queens. He is of African-American ancestry.

9. Defendant Police Officers NICHOLAS DEMEO (tax number 950308), PAUL DUBROFSKY (tax number 930078), GEORGE DELGADO (tax number

946908), RYAN HOFFMAN (tax number 950591) and COSMO LUBRANO (tax number 917897) are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York and/or the New York City Police Department, a municipal agency of the City of New York.

10. Defendants Demeo, Delgado, Dubrofsky, Hoffman and Lubrano are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11. Defendants Demeo, Delgado, Dubrofsky, Hoffman and Lubrano are sued individually.

## STATEMENT OF FACTS

12. On Sunday, July 14, 2013, approximately 4:30AM, defendants Demeo Delgado, Hoffman and Lubrano (and other members of the New York City Police Department team they was working with) arrested plaintiff in the vicinity of 148-22 220th Street, Queens, NY.

13. At that time, plaintiff was in the area when he was attacked without provocation by defendants Demeo Delgado, Hoffman and Lubrano--and other officers--who repeatedly punched, slammed to the ground and kicked plaintiff about the face and body.

14. Plaintiff was then arrested.

15. Due to the severe injuries sustained as a result of the beating administered by defendants Demeo and John Does, plaintiff was transported to Queens Hospital Center for treatment.

16. Plaintiff was admitted to the hospital and received treatment there for three days, for, among other things, a cerebral hemorrhage.

17. Plaintiff was charged with two crimes, both class "A" misdemeanors: Obstructing Governmental Administration in the Second Degree, (NYPL §195.05); and Resisting Arrest (NYPL §205.30).

18. The case was docketed under docket number 2013QN038929 and arraigned on or about July 18, 2013, whereupon plaintiff was released on his own recognizance.

19. After repeatedly coming to court to defend himself against the accusations in the case, the District Attorney moved the case be Adjourned in Contemplation of Dismissal, pursuant to NYCPL §170.55, an application that plaintiff joined in, resulting in the case being terminated favorably to plaintiff.

20. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

21. Defendant Dubrofsky, as the supervising officer of defendants Demeo, Delgado, Hoffman and Lubrano, approved the arrest and the paperwork created in accordance with NYPD procedures.

22. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

23. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his right, pursuant to the Fourth Amendment of the United States Constitution, to be free from an unreasonable search and seizure of his person;

    b) Violation of his right, pursuant to the Fifth Amendment of the United States Constitution, not to be deprived of his liberty without Due Process of Law;

    c) Violation of his right, pursuant to the Sixth Amendment of the United States Constitution to fair legal process,

    d) Violation of his right, pursuant to the Eighth Amendment of the United States Constitution, not to have cruel or unusual punishments inflicted;

    e) Violation of his right to Equal Protection Under the Law pursuant to the New York State constitution and the Fourteenth Amendment to the United States Constitution;

f) Violation of his New York State Constitutional rights to freedom of speech, freedom from unreasonable search and seizure, freedom from cruel and unusual punishment;

g) Violation of his right to Due Process of Law pursuant to Article 1, §6 of the New York State constitution and the Fourteenth Amendment to the United States Constitution;

h) Physical pain and suffering, including Traumatic Brain Injury, facial contusions, bruising and swelling,

i) Emotional trauma and suffering, including fear, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

j) Loss of liberty.

## **FIRST CAUSE OF ACTION**
**(Deprivation of Federal Civil Rights under the United States Constitution and 42 U.S.C. §§ 1981 and 1983)**

24. The preceding paragraphs are here incorporated by reference.

25. By their conduct and actions in unlawfully detaining, assaulting, punching, kicking, searching, arresting, imprisoning plaintiff, and in fabricating evidence against plaintiff, and in failing to intercede on behalf of plaintiff and protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendant officers, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States

Constitution, including its Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

26. As a result of the foregoing, plaintiff was deprived of his liberty, suffered severe and lasting physical pain and injury, emotional distress, great anxiety and humiliation, fear and damage to his reputation, subjection to cruel and unusual punishment, and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### (Deprivation of Federal Civil Rights under 42 U.S.C. § 1985)

27. The preceding paragraphs are here incorporated by reference.

28. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves, and conspired with others to deprive plaintiff of his Constitutional rights under 42 U.S.C. §1983, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

29. Thus defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

30. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## THIRD CAUSE OF ACTION
### (False Arrest and Unlawful Imprisonment)

31. The preceding paragraphs are here incorporated by reference.

32. Defendants Demeo, Delgado, Hoffman and Lubrano subjected plaintiff to false arrest, false imprisonment, deprivation of liberty without probable cause.

7

33. Defendants Demeo, Delgado, Hoffman and Lubrano have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

34. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged, as alleged above

### FOURTH CAUSE OF ACTION
### (Excessive Use of Force)

35. The preceding paragraphs are here incorporated by reference.

36. Defendants Demeo, Delgado, Hoffman and Lubrano subjected plaintiff to force that was grossly disproportionate, wholly unnecessary, and in violation of plaintiff's civil, constitutional and statutory rights under 42 U.S.C. §§ 1983 and 1985 and the Constitution of the United States and the State of New York.

37. As a result of the excessive use of force against plaintiff by defendants Demeo, Delgado, Hoffman and Lubrano, plaintiff was damaged, as alleged above.

### FIFTH CAUSE OF ACTION
### Falsification of Evidence under 42 U.S.C. § 1983

38. The preceding paragraphs are here incorporated by reference.

39. Defendant officers are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

40. Furthermore, the defendants violated the law by making false statements by drafting and/or signing sworn criminal court complaints and/or supporting depositions and/or corroborating affidavits, and/or false police reports, with the knowledge that such complaints, supporting depositions, corroborating affidavits and police reports would be relied upon by the District Attorney in determining which, if any, charges to bring against plaintiff.

41. Furthermore, the defendants violated the law by manipulating evidence to attempt to obtain a prosecution and unjust conviction, while performing the function of investigators.

42. The defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and that this is redressable in an action for damages under 42 U.S.C. § 1983.

43. The defendants are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, inter alia, forwarding false information to prosecutors, drafting and signing sworn criminal court complaints and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

44. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## SIXTH CAUSE OF ACTION CLAIM
### (Failure to Intervene)

45. The preceding paragraphs are here incorporated by reference.

46. On the above described incident date, some of the defendant officers did not have direct contact with plaintiff but had a reasonable opportunity to observe and to prevent the violations of plaintiff's constitutional rights under U.S.C. Sec 1983, but they failed to intervene.

47. Accordingly, those defendant officers are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

a) In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's Causes of Action;

b) Awarding plaintiff punitive damages in an amount to be determined by a jury for each of plaintiff's Causes of Action;

c) Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

d) Granting such other and further relief as this Court deems just and proper.

Dated:  Brooklyn, New York
        December 11, 2014

>                   Respectfully submitted,
>
>                   _____
>                   The Law Offices of Kenneth F. Smith, PLLC
>                   16 Court Street, Suite 2901
>                   Brooklyn, NY 11241
>                   (646) 450-9929
>                   (646) 514-4524 (FAX)
>                   *Counsel for the Plaintiff*

11